IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Freitas, | No. CV-17-00203-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Melinda Gamble, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Dismiss filed by Defendant Chase Bank USA, N.A. on June 6, 2017.  (Doc. 12.)  For the reasons stated herein, the Court will deny the Motion and remand this matter to the Cochise County Justice Court Precinct #1.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 1, 2017, Plaintiff Leonard Freitas filed a *pro se* Complaint in the Cochise County Justice Court against Defendants Melinda Gamble[2] and Chase Credit Card Services.  (Doc. 1-3, pg. 3.)  The Complaint was drafted on a Justice Court form and contained a single allegation: "fraudulent uses and claims of 'credit cards' issued by 'defendant on [sic] order to 'damage plaintiff."  (*Id*.)

---

[1] This case is suitable for decision without oral argument.  *See* L.R. Civ. 7.2(f).

[2] Defendant Melissa Gamble has not been served and has not appeared in this matter.

JP Morgan Chase Bank, NA, on behalf of Chase Credit Card Services (hereinafter "Defendant"), removed the action to this Court on May 3, 2017.  (Doc. 1.)  Defendant attached as an exhibit to its Notice of Removal a letter sent to Defendant by Plaintiff at the time Plaintiff served his Complaint on Defendant.  (Doc. 1-3, pgs. 7-25.)  Based on that letter, Defendant concluded that Plaintiff intends to allege a claim against Defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, such that this Court has subject matter jurisdiction over this action and removal of this action is proper under 28 U.S.C. § 1331.  Defendant's Notice of Removal also states that removal of this action is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

On June 6, 2017, Defendant filed the pending motion to dismiss.[3]  (Doc. 12.)

## ANALYSIS

Defendant moves for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the ground that Plaintiff has not alleged or identified any cause of action resulting from any alleged violation of the FCRA.  Defendant also argues that Plaintiff fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 9(b). Plaintiff's Complaint does not comply with any of the requirements of the Federal Rules of Civil Procedure; however, Plaintiff's Complaint was filed *pro se* in Cochise County Justice Court. The entire Complaint consists of a single allegation: "fraudulent uses and claims of 'credit cards' issued by 'defendant on [sic] order to 'damage plaintiff."  (*Id.*) The Court cannot conclude, based on this single sentence, that Plaintiff intended to assert a claim for violation of the FCRA or any other federal law.  Nor can the Court consider the statements contained in the letter sent to Defendant by Plaintiff.  The letter was not filed in the Cochise County Justice Court and it is not clear that the letter was intended to supplement Plaintiff's Complaint.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (when the legal sufficiency of a complaint is tested by a motion under

---

[3] On June 16, 2017, Plaintiff filed a document captioned as a response to an Order issued by the Court on June 5, 2017.  (Doc. 18.)  That document references the pending Motion to Dismiss, but it is unclear whether Plaintiff intended the document to be a response to the Motion.

Rule 12(b)(6), review is limited to the complaint). The Court declines to grant a motion to dismiss based on Plaintiff's failure to comply with procedural requirements that did not apply at the time the complaint was drafted or Plaintiff's failure to state a claim under a federal law that the Plaintiff did not cite to or otherwise reference in the Complaint.

The cursory nature of Plaintiff's Complaint makes Defendant's Notice of Removal equally problematic. Under 28 U.S.C. § 1441(a), any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court in the district where the action is pending. However, "there is a 'strong presumption' against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Flanigan v. OneWest Bank, F.S.B.*, 2013 WL 4083630, at *1 (D. Ariz. Aug. 13, 2013) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Removability under 28 U.S.C. § 1446 is determined through "examination of the four corners of the applicable pleadings." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Daily v. Kittitas Valley Health & Rehab. Ctr.*, WL 3791750, at *3 (E.D. Wash. 2015) (removability is determined based on the information contained in the complaint). Defendant's assertions of subject matter jurisdiction are based on statements contained in Plaintiff's letter, not allegations in Plaintiff's Complaint. Plaintiff's letter is not referenced in Plaintiff's Complaint and was not filed by Plaintiff. Because Plaintiff's Complaint does not cite the FCRA or any other federal law, Defendant's claim that removal of this action is proper under 28 U.S.C. § 1331 is not well-supported.

Defendant's claim that removal of this action is proper under 28 U.S.C. § 1332 is similarly insubstantial. The Complaint does not include any allegations regarding diversity of citizenship or the amount in controversy.[4] *See Ibarra v. Manheim*

---

[4] Defendant's Notice of Removal requires an additional inferential step in order to conclude that the parties are diverse: Defendant contends that "Plaintiff's reference to Melissa Gamble, to the extent Ms. Gamble is a non- diverse defendant or a defendant at all, is ignored for purposes of determining diversity under the fraudulent joinder doctrine because Plaintiff fails to state a cause of action against Ms. Gamble." (Doc. 1, pg. 2.) As previously stated, the Court declines to consider whether Plaintiff has adequately stated claims against the Defendants as required by Rule 12(b)(6), Fed. R. Civ. P., in his short-

*Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (in determining the amount in controversy, court looks first to the complaint).  Moreover, Defendant's assertion that Plaintiff intends to assert damages in excess of $100,000 is undermined by the fact that Plaintiff filed his Complaint in Cochise County Justice Court, where the limit on damages is $3,500.00.  *See* Cochise County Justice Courts, Small Claims Division, Instructions to the Plaintiff, https://www.cochise.az.gov/court-administration/plaintiffs-small-claims-instructions.

THEREFORE, IT IS ORDERED THAT:

1. The Motion to Dismiss filed by Defendant Chase Bank USA, N.A. on June 6, 2017 (Doc. 12) is DENIED;
2. This case is remanded to the Cochise County Justice Court, Precinct #1, where it was previously designated cause No CV2017-0033;
3. The Clerk of the Court shall send a copy of this Order to the Cochise County Justice Court, Precinct #1, and terminate this action.

Dated this 26th day of June, 2017.

_____
Honorable Jennifer G. Zipps
United States District Judge

form Complaint filed in Cochise County Justice Court.